**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **YURIY S. EPSHTEYN** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **COURT OF COMMON PLEAS** | : | |
| **DELAWARE COUNTY, PA, et al.** | : | **NO. 14-1046** |

## M E M O R A N D U M

**DAVIS, J.**                                                    **AUGUST  4  , 2014**

　　　　Plaintiff has filed a pro se civil rights lawsuit
against the Delaware County Court of Common Pleas and his next
door neighbors.  His amended complaint (Document No. 6) deals
with a civil case that he filed against his neighbors, Philip
Iannucci and Denise Green in the Delaware County Court of Common
Pleas, and the events that led to the filing of that case.

　　　　For the following reasons, plaintiff's amended
complaint will be dismissed pursuant to 28 U.S.C. § 1915(e).

### A.    Eleventh Amendment Immunity

　　　　The Delaware County Court of Common Pleas is a state
entity entitled to Eleventh Amendment immunity.  See Benn v.
First Judicial Dist. Of Pa., 426 F.3d 233 (3d Cir. 2005).
Therefore, the claims against the Delaware County Court of Common
Pleas must be dismissed.

### B.    Review of State Court Decisions

　　　　It appears that plaintiff has filed this action because
he is not satisfied with the manner in which his civil case was
handled in State Court.  However, a federal court does not have
subject matter jurisdiction to review state court decisions under
the Rooker-Feldman doctrine.  See District of Columbia Court of

Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).

### C. Claims under 42 U.S.C. § 1983 against Philip Ianucci and Denise Green

In order to bring suit under 42 U.S.C. § 1983, plaintiff must allege that a person acting under color of state law deprived him of his constitutional rights. West v. Atkins, 487 U.S. 42 (1988). There are no allegations in the complaint that would allow this Court to find that Philip Iannucci and Denise Green are state actors. Although plaintiff alleges that these defendants were involved in a conspiracy with state actors, these bald assertions are insufficient to support a conspiracy based claim against these defendants in this action. See Young v. Kann, 926 F.2d 1396, 1405 n.16 (3d Cir. 1991) (conspiracy claims may be dismissed as legally frivolous where claims are not based on fact, but rather on plaintiff's suspicion and speculation).

### D. Claims under 42 U.S.C. §§ 1981 and 1985

Plaintiff is also attempting to bring claims under 42 U.S.C. §§ 1981 and 1985. There are no allegations in the complaint that would support a finding that the defendants' actions were motivated by racial or class-based animus or that there has been an interference with federal officials or federal court proceedings which is necessary to bring an action under 42 U.S.C. §§ 1981 and 1985. See Rivers v. Roadway Exp., Inc., 511 U.S. 298 (1994); Bray v. Alexandria Women's Health Clinic, 506 U.S. 263 (1993); Kush v. Rutledge, 460 U.S. 719, 724-25 (1983);

Griffin v. Breckenridge, 403 U.S. 88, 102 (1971); Brawer v. Horowitz, 535 F.2d 830, 840 (3d Cir. 1976).  Therefore, these claims will be dismissed.